**Jie Di CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0799–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah, Eric A. Overby, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jie Di Chen petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA affirms or adopts the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

*v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. ins*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ found that the following inconsistencies, *inter alia*, caused Chen not to be credible: (1) Chen testified that his wife was not home when the cadres came to notify her of a check-up because she was in hiding, and later claimed that she was not home because she was on a trip; (2) Chen testified that his brother, who reported to him the visits from the family planning officials to Chen's home, lived with them, but later stated that he lived in the same village, and then claimed that he lived next door; (3) Chen claimed that he was not at home when the officials came to arrest him for non-payment of a fine, but later testified that he was home and was spared arrest because he paid part of the fine; (4) Chen testified during his hearing that the officials destroyed his furniture when they came to his house, but he did not mention such behavior in his asylum application; and (5) Chen claimed in his asylum application to have been punished and subject to public criticism as an example to the other villagers but testified that only his wife was forced to go to meetings to receive public criticism.

These specific findings are substantially supported by examples in the record and are sufficient to support the IJ's adverse credibility ruling.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).